MEMORANDUM *
Darrell Patterson appeals the district court’s denial of his claim under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), raised in his federal habeas corpus petition. We affirm.
In Batson, the Supreme Court held that the use of race-based peremptory challenges to excuse prospective jurors runs afoul of the Equal Protection Clause of the Fourteenth Amendment. Batson, 476 U.S. at 89, 106 S.Ct. 1712. Courts evaluate a Batson challenge using a three-part test. Kesser v. Cambra, 465 F.3d 351, 359 (9th Cir.2006) (en banc). “First, the defendant must make a prima facie showing that a challenge was based on race. Second, the prosecution must offer a race-neutral basis for the challenge. Third, the court must determine whether the defendant has shown ‘purposeful discrimination.’ ” Id. (quoting Batson, 476 U.S. at 98, 106 S.Ct. 1712). The “ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.” Purkett v. Elem, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).
After Patterson’s first trial ended in a mistrial due to a holdout juror, the jury in the second trial convicted Patterson, an African-American male, of robbery. Patterson’s defense in both trials rested on the assertion that the cross-racial eyewitness identifications were unreliable. During jury selection for his second trial, Patterson challenged the prosecutor’s use of a peremptory challenge against a female African-American juror, R.E. The trial judge declined to hold a Batson hearing or require the prosecutor to state his reasons for the strike. On direct appeal, the California Court of Appeal rejected Patterson’s claim, citing both Batson and People v. Wheeler, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978).
Patterson again raised his Batson claim in his federal habeas corpus petition. As a *731 threshold matter, the district court ruled that the state appellate court had applied the incorrect legal standard in evaluating Patterson’s Batson claim. Although California courts have used Wheeler and Bat-son interchangeably, Wheeler requires “a strong likelihood” that the excused juror was challenged because of group association, Wheeler, 583 P.2d at 764, while Bat-son requires only that the defendant raise an inference that potential jurors were excluded due to their race. Batson, 476 U.S. at 94, 106 S.Ct. 1712. Reviewing the claim de novo, the district court held that Patterson had made a prima facie showing of racial bias.
Subsequently, the district court held an evidentiary hearing, at which the prosecutor testified that he exercised a peremptory challenge to excuse R.E. because of her demeanor and because he had identified stronger jurors whom he wanted on the jury. The district court determined that the Supreme Court’s holding in Snyder v. Louisiana, 552 U.S. 472, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008), prevented the court from relying on the prosecutor’s demeanor-based explanation for the peremptory challenge.[1] The district court found, however, that the prosecutor testified credibly that he had excused R.E. to get one of the waiting potential jurors, who he felt would be a better juror, on the panel.
We review de novo a district court’s denial of a habeas corpus petition and review for clear error the district court’s factual findings. Ali v. Hickman, 584 F.3d 1174, 1181 (9th Cir.2009). If the state court applied an incorrect legal standard in evaluating a Batson claim, we do not defer to the state court’s factual finding that there was no prima facie showing of bias. Paulino v. Castro, 371 F.3d 1083, 1090 (9th Cir.2004). Rather, we review de novo both whether the defendant made a prima facie showing of bias and whether the prosecutor offered a “race-neutral” explanation. Paulino v. Harrison, 542 F.3d 692, 698-99 (9th Cir.2008). We then review for clear error the question of whether the defendant has proved purposeful discrimination. Id. at 699.
The district court’s finding that the prosecutor’s testimony was credible is not clearly erroneous. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (findings based on credibility determinations are entitled to great deference). Testifying eight years after the trial, the prosecutor identified specific jurors who he thought would be strong jurors for the prosecution, having observed and questioned them during voir dire. Because the district court credited this testimony as true, it was not clearly erroneous for the district court to conclude that Patterson had not proven purposeful discrimination. Cf. Haynes, 130 S.Ct. at 1175 (“[T]he best evidence of the intent of the attorney exercising a strike is often that attorney’s demeanor.”). Thus, we affirm the district court’s denial of Patterson’s habeas corpus petition.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. As the Supreme Court recently made clear, Snyder did not establish such a rule. Thaler v. Haynes, - U.S. -, 130 S.Ct. 1171, 1172, - L.Ed.2d - (2010).